**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROGET LERNER, | : |
| Plaintiff, | : Civil Action No. 11-3297 (SRC) |
| v. | : |
|  | : OPINION |
| HARVEY SCHEFREN et al., | : |
| Defendants. | : |

**CHESLER**, **U.S.D.J.**

This matter comes before the Court pursuant to the Order To Show Cause of June 15, 2011 directing Plaintiff Roget Lerner to show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction. For the reasons set forth below, this Court finds that Plaintiff has failed to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

On June 8, 2011, Plaintiff, represented by counsel, filed a Complaint which asserted subject matter jurisdiction based on the presence of a federal question, contending that Defendants had violated Plaintiff's rights under the United States Constitution. This Court examined the Complaint and, unable to discern in the Complaint any claims for any violations of any rights under the United States Constitution, Ordered Plaintiff to show cause why the action should not be dismissed for lack of subject matter jurisdiction.

Plaintiff responded to the Order to Show Cause by submitting an Amended Complaint with a brief cover letter.

The Amended Complaint no longer asserts federal question jurisdiction, nor does it contend that Defendants have violated Plaintiff's Constitutional rights.  Instead, it asserts that this Court's jurisdiction is based upon diversity of citizenship.  (Am. Compl. 2.)  The Amended Complaint alleges that Plaintiff is a citizen of the State of New York, while two Defendants are citizens of the State of New York, and two Defendants are citizens of the State of New Jersey.  (Id. at 2.)

Diversity jurisdiction requires complete diversity: the citizenship of every plaintiff must be different from the citizenship of every defendant.  Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).  This Court finds that the Complaint does not allege complete diversity – since Plaintiff and at least one Defendant are alleged to be citizens of New York – and does not support subject matter jurisdiction based on diversity of citizenship.

Under Third Circuit law, this Court has an obligation to satisfy itself that it has subject matter jurisdiction over a case and to address the issue *sua sponte*.[1]  This Court finds no basis in the Complaint to support subject matter jurisdiction.  This Court lacks subject matter jurisdiction to hear this case, and it will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

    s/ Stanley R. Chesler
    Stanley R. Chesler, U.S.D.J.

Dated: July 6, 2011

---

[1] Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 420 (3d Cir.2003) (citing Bracken v. Matgouranis, 296 F.3d 160, 162 (3d Cir.2002)).